[No. B138713. Second Dist., Div. Five. May 18, 2001.]

FIDELITY CREDITOR SERVICE, INC., Plaintiff and Respondent, v.
W. STEVENSON BROWNE, Defendant and Appellant.

## COUNSEL

Howard, Rice, Nemerovski, Canady, Falk & Rabkin, Eve H. Cervantez, Gina M. Roccanova and Amy E. Margolin for Defendant and Appellant.

Law Offices of Robert L. Susnow and Robert L. Susnow for Plaintiff and Respondent.

## OPINION

## TURNER, P. J.—

### I. INTRODUCTION

Renewal of a judgment is a ministerial act performed by a court clerk upon receipt of an application for renewal. (Code Civ. Proc., §§ 683.120, subd. (b), 683.150, subd. (a);[1] *Beneficial Financial, Inc. v. Durkee* (1988) 206 Cal.App.3d 912, 915 [254 Cal.Rptr. 351].) Section 683.150, subdivision (a) states: "Upon the filing of the application, the court clerk shall enter the renewal of the judgment in the court records." Section 683.170 allows a judgment debtor to move to vacate the renewed judgment.[2] W. Stevenson Browne (defendant) appeals from an order denying his section 683.170 motion to vacate the renewal of a judgment. Defendant argues that because the parties accepted as a fact he was never served with the summons and complaint, the timely motion to vacate the renewal should have been granted. We agree. We direct the trial court, on remand, to enter an order granting defendant's motion.

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise noted.

[2] Section 683.170 provides in its entirety: "(a) The renewal of a judgment pursuant to this article may be vacated on any ground that would be a defense to an action on the judgment, including the ground that the amount of the renewed judgment as entered pursuant to this article is incorrect, and shall be vacated if the application for renewal was filed within five years from the time the judgment was previously renewed under this article. [¶] (b) Not later than 30 days after service of the notice of renewal pursuant to Section 683.160, the judgment debtor may apply by noticed motion under this section for an order of the court vacating the renewal of the judgment. The notice of motion shall be served on the judgment creditor. Service shall be made personally or by mail. [¶] (c) Upon the hearing of the motion, the renewal may be ordered vacated upon any ground provided in subdivision (a), and another and different renewal may be entered, including, but not limited to, the renewal of the judgment in a different amount if the decision of the court is that the judgment creditor is entitled to renewal in a different amount."

## II. Discussion

### A. *Background*

In October 1989, a default judgment was entered against defendant in an action brought by John W. White. Mr. White subsequently assigned the money judgment to Fidelity Creditor Service, Inc. (Fidelity). In August 1999, Fidelity filed an application for renewal of the judgment. The renewal was entered. (§ 683.150, subd. (a).) On August 24, 1999, notice of renewal of the judgment was served on defendant by mail.

Defendant filed a motion to vacate renewal of the judgment pursuant to section 683.170. Defendant asserted he was *never* served with the summons and complaint. Defendant declared he first learned of the lawsuit "well after" the default judgment was entered. Defendant presented evidence in support of those claims. Fidelity opposed the motion. Significantly, Fidelity conceded for purposes of defendant's motion that he was not properly served with the summons and complaint. The proof of service in the record shows defendant was served with the summons and complaint by substituted service at a business address. However, there was no evidence *valid* substituted service was accomplished. Further, there was no evidence defendant was ever personally served with a summons and complaint. Fidelity stated in its trial court brief: "[F]or purposes of this motion only, Fidelity will not dispute service of process. This is only because service was by substituted service and Fidelity has no way of disproving [d]efendant's claim that he did not reside at the place at which he was sub-served." The trial court denied the motion. The trial court ruled defendant had not established the judgment was void on its face and therefore could not seek relief under *section 473*. Further, the trial court ruled defendant could not attack the judgment for improper service pursuant to *section 473.5* more than two years after it was entered.

### B. *Standard of Review*

The judgment debtor bears the burden of proving, by a preponderance of the evidence, that he or she is entitled to relief under section 683.170. (Cf. *Tsakos Shipping & Trading, S.A. v. Juniper Garden Town Homes, Ltd.* (1993) 12 Cal.App.4th 74, 88 [15 Cal.Rptr.2d 585] [§ 1710.40]; *Tom Thumb Glove Co. v. Han* (1978) 78 Cal.App.3d 1, 5 [144 Cal.Rptr. 30] [same].) On appeal, we examine the evidence in a light most favorable to the order under review and the trial court's ruling for an abuse of discretion. (*Tsakos Shipping & Trading, S.A. v. Juniper Garden Town Homes, Ltd.*, *supra*, 12 Cal.App.4th at pp. 88-89.)

■ In addition, we must interpret the provisions of section 683.170 and related debt collection statutes. In doing so, we apply the following standard of statutory review described by our Supreme Court: "When interpreting a statute our primary task is to determine the Legislature's intent. [Citation.] In doing so we turn first to the statutory language, since the words the Legislature chose are the best indicators of its intent. [Citation.]" (*Freedom Newspapers, Inc. v. Orange County Employees Retirement System* (1993) 6 Cal.4th 821, 826 [25 Cal.Rptr.2d 148, 863 P.2d 218]; *People v. Jones* (1993) 5 Cal.4th 1142, 1146 [22 Cal.Rptr.2d 753, 857 P.2d 1163].) Further, our Supreme Court has noted: " 'If the language is clear and unambiguous there is no need for construction, nor is it necessary to resort to indicia of the intent of the Legislature (in the case of a statute) . . . .' " (*Delaney v. Superior Court* (1990) 50 Cal.3d 785, 798 [268 Cal.Rptr. 753, 789 P.2d 934].) ■ However, the literal meaning of a statute must be in accord with its purpose, as our Supreme Court noted in *Lakin v. Watkins Associated Industries* (1993) 6 Cal.4th 644, 658-659 [25 Cal.Rptr.2d 109, 863 P.2d 179]: "We are not prohibited 'from determining whether the literal meaning of a statute comports with its purpose or whether such a construction of one provision is consistent with other provisions of the statute. The meaning of a statute may not be determined from a single word or sentence; the words must be construed in context, and provisions relating to the same subject matter must be harmonized to the extent possible. [Citation.] Literal construction should not prevail if it is contrary to the legislative intent apparent in the [statute] . . . .' [Citation.]" We must construe similar statutes, i.e., those in pari materia, to "achieve a uniform and consistent legislative purpose." (*Isobe v. Unemployment Ins. Appeals Bd.* (1974) 12 Cal.3d 584, 590-591 [116 Cal.Rptr. 376, 526 P.2d 528]; accord, *People v. Black* (1982) 32 Cal.3d 1, 7, fn. 3 [184 Cal.Rptr. 454, 648 P.2d 104].) In *Lungren v. Deukmejian* (1988) 45 Cal.3d 727, 735 [248 Cal.Rptr. 115, 755 P.2d 299], our Supreme Court added: "The intent prevails over the letter, and the letter will, if possible, be so read as to conform to the spirit of the act. [Citations.] An interpretation that renders related provisions nugatory must be avoided [citation]; each sentence must be read not in isolation but in light of the statutory scheme [citation]; . . ."

## C. *Failure to Serve the Summons and Complaint Constitutes Grounds to Vacate Renewal of a Judgment*

■ A money judgment is enforceable for 10 years from the date of its entry. (§§ 683.020, 683.030; *Green v. Zissis* (1992) 5 Cal.App.4th 1219, 1222 [7 Cal.Rptr.2d 406].) However, there are two alternative methods to extend the life of a money judgment. First, a judgment creditor may file a separate action on the judgment. A judgment creditor may bring an independent action on a judgment even after the 10-year enforceability period has

expired *if* the 10-year statute of limitations in section 337.5 has not yet run. (§ 683.050; *Green v. Zissis, supra,* 5 Cal.App.4th at p. 1222; *Pratali v. Gates* (1992) 4 Cal.App.4th 632, 636-639 [5 Cal.Rptr.2d 733]; Cal. Law Revision Com. com., 17 West's Ann. Code Civ. Proc. (1987 ed.) foll. § 683.020, p. 72.) The Law Revision Commission comment to section 683.050 explains as follows: "Section 683.050 makes clear that the 10-year period of enforcement prescribed by Section 683.020 and the renewal procedure provided by Article 2 (commencing with Section 683.110) do not affect the right to bring an action on a judgment. The limitation period for commencing the action is prescribed by Section 337.5. The 10-year period provided by Section 683.020 and the 10-year statute of limitations provided by Section 337.5 are not coterminous. The period prescribed in Section 683.020 commences on the date of entry and is not tolled for any reason. The statute of limitations commences to run when the judgment is final [citation] and may be tolled such as by the debtor's absence from the state (see Section 351)." (Cal. Law Revision Com. com., 17 West's Ann. Code Civ. Proc., *supra,* foll. § 683.050, p. 75; *Green v. Zissis, supra,* 5 Cal.App.4th at pp. 1222-1223; *Pratali v. Gates, supra,* 4 Cal.App.4th at pp. 636-637.) Alternatively, a judgment creditor may, as here, renew a judgment for an additional 10 years. (§ 683.110 et seq.)

The statutory renewal procedure enacted in 1982 (Stats. 1982, ch. 1364, § 2, p. 5073 et seq.) was not intended to replace the then existing method to extend the life of a judgment—an independent action on the judgment. The statutory renewal procedure was intended to save time and money while remaining fair to the judgment debtor by affording him or her the opportunity to assert any defense that could have been asserted in an independent action. (Cf. *Tom Thumb Glove Co. v. Han, supra,* 78 Cal.App.3d at p. 7; *Silbrico Corp. v. Raanan* (1985) 170 Cal.App.3d 202, 206, fn. 3 [216 Cal.Rptr. 201].) Accordingly, the Legislature directed that a trial court may vacate renewal of a judgment "on any ground that would be a defense to an action on the judgment . . . ." (§ 683.170, subd. (a); *In re Marriage of Thompson* (1996) 41 Cal.App.4th 1049, 1058 [48 Cal.Rptr.2d 882].)

■ We turn to the question whether the complete failure to have ever served process on a defendant is a defense to an action on the judgment and therefore can be raised on a section 683.170 motion. There are few published decisions construing section 683.170. None of those decisions address lack of service of the summons and complaint in connection with a section 683.170 motion to vacate a clerk's renewal of a judgment. (See *Timberline, Inc. v. Jaisinghani* (1997) 54 Cal.App.4th 1361, 1363 [64 Cal.Rptr.2d 4] [suspended corporation cannot renew a judgment]; *In re Marriage of Thompson, supra,* 41 Cal.App.4th at p. 1058 [satisfaction of judgment is a defense

to an action on the judgment]; *In re Marriage of Henderson* (1990) 225 Cal.App.3d 531, 535 [275 Cal.Rptr. 226] [remand for determination of correct amount of renewed judgment]; *Brunzell Construction Co., Inc. v. Smith* (1988) 200 Cal.App.3d 617, 619 [246 Cal.Rptr. 182] [denial of motion to vacate renewal of judgment; issue relating to application of California Uniform Commercial Code].) However, the Supreme Court has held, under circumstances indistinguishable from the present case, that the failure to have served the summons and complaint is a defense to an action on a judgment. (*Hill v. City Cab etc. Co.* (1889) 79 Cal. 188, 190-191 [21 P. 728].) *Hill v. City Cab etc. Co., supra,* 79 Cal. at page 190, was an action on a judgment in which the defendant asserted the judgment "had been obtained without service upon him or any authorized appearance on his behalf." The trial court found those facts to be true, but ruled against the defendant for failure to have shown he had a meritorious defense to the original action. (*Ibid.*) The Supreme Court found the plaintiff either admitted the lack of service or allowed the facts to be established without opposition. (*Id.* at p. 191.) The Supreme Court concluded the judgment was therefore "absolutely void." (*Id.* at p. 191.) Under *Hill,* the undisputed failure to have served process is a defense to a separate action on a judgment. Therefore, the undisputed failure to have served the summons and complaint also provides a basis for a motion to vacate a renewed judgment. (§ 683.170, subd. (a).)

Also of material consequence to our decision is the effect of a judgment creditor's failure to prove proper service of process in cases involving efforts to enforce judgments entered in other states. We are required to construe similar statutes so as to achieve a uniform and consistent legislative purpose. (*Isobe v. Unemployment Ins. Appeals Bd., supra,* 12 Cal.3d at pp. 590-591; 58 Cal.Jur.3d (1980) Statutes, § 108.) Section 683.170 is derived from section 1710.40. (Cal. Law Revision Com. com., 17 West's Ann. Code Civ. Proc., *supra,* foll. § 683.170, p. 81.) Section 1710.40 governs motions to vacate judgments entered in California on other state's judgments. It operates as an alternative to a separate action on the other state's judgment. (*Tom Thumb Glove Co. v. Han, supra,* 78 Cal.App.3d at p. 7; *Silbrico Corp. v. Raanan, supra,* 170 Cal.App.3d at p. 206 & fn. 3.) Section 1710.40, subdivision (a) provides that such a judgment "may be vacated on any ground which would be a defense to an action in this state on the sister state judgment . . . ." Hence, the language in section 1710.40, subdivision (a) parallels that in section 683.170, subdivision (a). Further, neither section 1710.40 nor section 683.170 enumerates the available defenses. Nonetheless, the Law Revision Commission Comment to section 1710.40 lists included defenses as follows: "Common defenses to enforcement of a sister state judgment include the following: the judgment is not final and unconditional . . . ; the judgment was obtained by extrinsic fraud; *the judgment was rendered in excess of*

*jurisdiction*; the judgment is not enforceable in the state of rendition; the plaintiff is guilty of misconduct; the judgment has already been paid; suit on the judgment is barred by the statute of limitations in the state where enforcement is sought. [Citations.]" (Cal. Law Revision Com. com., 19A West's Ann. Code Civ. Proc. (1982 ed.) foll. § 1710.40, p. 694, italics added.) A judgment rendered in excess of jurisdiction includes one entered by a court lacking personal jurisdiction over a party. (*Bank of America v. Jennett* (1999) 77 Cal.App.4th 104, 114-115 & fn. 8 [91 Cal.Rptr.2d 359] [§ 1710.40].) Further, the Courts of Appeal have held that lack of personal jurisdiction, including defective service of process, is a defense that may be raised on a motion to vacate a California judgment entered on another state's judgment. (77 Cal.App.4th at pp. 114-121; *Tsakos Shipping & Trading, S.A. v. Juniper Garden Town Homes, Ltd., supra,* 12 Cal.App.4th at pp. 88-90; *Magalnick v. Magalnick* (1979) 98 Cal.App.3d 753, 759 [159 Cal.Rptr. 889]; *Donel, Inc. v. Badalian* (1978) 87 Cal.App.3d 327, 331-334 [150 Cal.Rptr. 855].) When we construe sections 1710.40 and 683.170, both statutes involving the enforcement of previously entered judgments, we conclude defective service of process is a defense which may be raised on a motion to vacate renewal of a judgment.

D. *An Order Vacating Renewal of the Judgment Is Not Barred by Defendant's Failure to Challenge the Default Judgment Within a Reasonable Time*

■ Fidelity contends defendant's motion to vacate renewal of the judgment pursuant to section 683.170 was governed by the time limitations in section 473.5, i.e., "within a reasonable time, but in no event exceeding the earlier of: (i) two years after entry of a default judgment against him or her; or (ii) 180 days after service on him or her of a written notice that the default or default judgment has been entered." (§ 473.5, subd. (a).) We disagree. Section 473.5 is addressed to motions to set aside a default or default judgment and for leave to defend the action. Section 473.5 is a procedural remedy by which a default or default judgment may be set aside; it is not a defense to an action on a judgment. (Cf. *Liquidator of Integrity Ins. Co. v. Hendrix* (1997) 54 Cal.App.4th 971, 973, 978 [63 Cal.Rptr.2d 240] [discussing § 473 in relation to § 1710.40].) Section 683.170, on the other hand, addresses renewed judgments. It allows a judgment debtor to oppose a renewed judgment by establishing a defense to an action on the judgment. (§ 683.170, subd. (a); *Liquidator of Integrity Ins. Co. v. Hendrix, supra,* 54 Cal.App.4th at p. 978.) A successful motion under section 683.170 does not affect the validity of the default or the default judgment. (*Green v. Zissis, supra,* 5 Cal.App.4th at p. 1222.) A successful motion under section 683.170 vacates only the renewal of the judgment thereby precluding its extended

enforceability under section 683.120. (*Green v. Zissis, supra,* 5 Cal.App.4th at p. 1222.) Moreover, section 683.170 sets forth its own timeliness requirement with respect to a motion to vacate renewal of a judgment. The Legislature has specifically provided that a defendant may bring such a motion "[n]ot later than 30 days after service of the notice of renewal [of the judgment] . . . ." (§ 683.170, subd. (b).) There is no evidence the Legislature intended to apply the time limits of section 473.5 to a motion to vacate the renewal of a *10-year-old* judgment. Section 683.170 by its plain and clear language allows that a motion to vacate renewal of a 10-year-old judgment may be brought within 30 days after notice of the renewal is served (§ 683.170, subd. (b)) and "on any ground that would be a defense to an action on the judgment . . . ." (§ 683.170, subd. (a).) The Legislature could not have intended to apply the time limits of section 473.5 to a motion to vacate the renewal of a judgment which is by statute authorized to be brought 10 years after entry of the judgment and upon notice of its renewal. Succinctly stated, a motion under section 683.170 is not one for relief from default or default judgment and is not governed by section 473.5.

### E. Defendant's Actual Knowledge of the Judgment Did Not Render His Section 683.170 Motion Untimely

Fidelity suggests defendant's *actual knowledge* of the judgment for some years prior to filing his section 683.170 motion renders it untimely. We disagree. As the Court of Appeal held in *Tsakos Shipping & Trading, S.A. v. Juniper Garden Town Homes, Ltd., supra,* 12 Cal.App.4th at page 84, "Under . . . section 1710.40, subdivision (b), actual knowledge does not commence the running of the 30-day period [for bringing a motion to vacate]. Rather, the statute explicitly states that the 30-day period for bringing the motion commences with *service* of the notice of [entry of] the sister state judgment. Contrary to [the plaintiff's] contention, . . . section 1710.40 did not require [the defendant] to file its motion to vacate within 30 days of learning of the judgment." Section 683.170 likewise explicitly states that the 30-day period for bringing a motion to vacate renewal of a judgment commences upon service of the notice of renewal. (§ 683.170, subd. (b).) Defendant's actual knowledge of the judgment did not govern the timeliness of his section 683.170 motion. (Cf. *Tsakos Shipping & Trading, S.A. v. Juniper Garden Town Homes, Ltd., supra,* 12 Cal.App.4th at p. 84.)

### F. Defendant Was Not Required to Show That He Had a Meritorious Defense

A question arose at oral argument whether defendant, to prevail on his section 683.170 motion, was required to establish he had a meritorious

defense to the action. We find that given the due process violation here based upon the parties' evaluation of the evidence, no such showing was required.

The United States Supreme Court has held that where it was undisputed a defendant was never served and had no notice of an action prior to entry of a default, the judgment, which was void under state law, was reversible; moreover, under the due process clause of the United States Constitution, reversal was required without any showing of a meritorious defense. (*Peralta v. Heights Medical Center, Inc.* (1988) 485 U.S. 80, 86-87 [108 S.Ct. 896, 899-900, 99 L.Ed.2d 75].) The United States Supreme Court explained: " 'An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them the opportunity to present their objections.' [Citation.] Failure to give notice violates 'the most rudimentary demands of due process of law.' [Citations.]" (*Id.* at pp. 84-85 [108 S.Ct. at p. 899].) The Supreme Court in *Peralta* concluded: "Where a person has been deprived of property in a manner contrary to the most basic tenets of due process, 'it is no answer to say that in his particular case due process of law would have led to the same result because he had no adequate defense upon the merits.' [Citation.] As we observed in *Armstrong* v. *Manzo* [(1965)] 380 U.S. [545,] 552 [85 S.Ct. 1187, 1191, 14 L.Ed.2d 62] only 'wip[ing] the slate clean . . . would have restored the petitioner to the position he would have occupied had due process of law been accorded to him in the first place.' " (*Peralta v. Heights Medical Center, Inc.*, supra, 485 U.S. at pp. 86-87 [108 S.Ct. at p. 900].) At least one California court has subsequently recognized that a due process violation of the type at issue in the present case may require an automatic reversal under *Peralta.* (See *Estate of McGuigan* (2000) 83 Cal.App.4th 639, 653, fn. 10 [99 Cal.Rptr.2d 887]; see also 8 Witkin, Cal. Procedure (4th ed. 1997) Attack on Judgment in Trial Court, § 238, pp. 751-753.)

Long before *Peralta* was decided, the California Supreme Court held, apparently under state law, that a judgment entered under circumstances indistinguishable from the present case was absolutely void and no showing of a meritorious defense was required. (*Hill v. City Cab etc. Co., supra,* 79 Cal. at pp. 190-191.) In *Hill,* it was undisputed, and the trial court found, that a judgment valid on its face had been obtained without service upon the defendant. The trial court upheld an action on the judgment, however, on the ground the defendant had not shown he had a meritorious defense to the original action. The California Supreme Court held it was error to allow an action on the judgment. It stated: "If the [plaintiff] . . . should admit the

facts which show the judgment to be void, or if he should allow them to be established without opposition, then, as a question of law upon such facts, we do not see why the case is not like that where a judgment is void upon its face. In the present case, the findings establish the fact that there was no service of summons upon or authorized appearance by the defendant. . . . The facts . . . must be taken to be established by the record beyond all controversy. And upon such facts the law is, that the judgment is void. [Citations.] The judgment sued on, being shown to be absolutely void, cannot be held to be valid, or to be a cause of action." (*Id.* at p. 191.)

Similarly, in *Cadenasso v. Bank of Italy* (1932) 214 Cal. 562, 564-566 [6 P.2d 944], the defendants filed an action to vacate a judgment on the ground of disqualification of the trial judge. The California Supreme Court held the judgment, which was rendered by a judge who was disqualified by reason of his ownership of stock in the plaintiff corporation, was absolutely void. (*Id.* at pp. 567-568.) Moreover, because the judgment was void, the plaintiffs were not required to show they "had a good defense to the prior action or that a different judgment would result from a new trial in said action." (*Id.* at p. 569.)

The rule stated in *Hill* was further affirmed in *Thompson v. Cook* (1942) 20 Cal.2d 564, 569-573 [127 P.2d 909]. In *Thompson,* the defendants moved to vacate an order reviving a judgment. The judgment was valid on its face. However, the defendants presented under oath evidence they were never served with notice of the motion to revive the judgment. The plaintiff did not deny lack of service of notice or object to the defendants' evidence in that regard. (*Id.* at pp. 566, 572.) The Supreme Court held under those circumstances, "[T]he fact is then established that the [revived] judgment is just as void as if its invalidity appeared on the face of the judgment." (*Id.* at p. 572.) The California Supreme Court further held the case fell within the *Hill* rule. (*Id.* at p. 573.)

We conclude that under *Peralta v. Heights Medical Center, Inc., supra,* 485 U.S. at pages 86-87 [108 S.Ct. at page 900], and *Hill v. City Cab etc. Co., supra,* 79 Cal. at pages 190-191, a defendant who undisputedly was never served in the action is entitled to an order vacating a renewal of a judgment under section 683.170 without establishing a meritorious defense. Whether the defendant, who was never served in the action, has a meritorious defense is not a relevant consideration on a motion under section 683.170.

G. *The Trial Court Acted Beyond the Scope of Its Allowable Discretion in Refusing to Vacate Renewal of the Judgment*

As noted above, Fidelity conceded, for purposes of defendant's section 683.170 motion, that defendant was not served with the summons and

complaint. When a party concedes that a judgment, even if valid on its face, is invalid for lack of proper service, this court must conclude the judgment is void.[3] (*Thompson v. Cook, supra,* 20 Cal.2d at pp. 569-570; *Hill v. City Cab etc. Co., supra,* 79 Cal. at p. 191.) To sum up, the failure to have served a summons and complaint is a defense to an independent action on a judgment. Likewise, the failure to have served a summons and complaint is a basis for a motion to vacate the renewal of a judgment. The judgment creditor does not dispute defendant's under-oath statement that he was never properly served with the summons and complaint. There is no evidence defendant received the summons and complaint or that he ever resided at the place where the summons and complaint were served. Accordingly, we reverse the order denying defendant's motion to vacate renewal of the judgment. Upon issuance of the remittitur, the trial court is directed to grant that motion.

## III. DISPOSITION

The order denying the motion of defendant, W. Stevenson Browne, to vacate renewal of a judgment pursuant to Code of Civil Procedure section 683.170 is reversed. The trial court is, upon issuance of the remitittur, to enter an order granting defendant's motion. Defendant is to recover his costs on appeal from Fidelity Creditor Service, Inc.

Armstrong, J., and Willhite, J.,* concurred.

---

[3]We need not reach the disputed question whether the judgment was void on its face. Fidelity conceded it could present no evidence to dispute defendant's uncontradicted under oath statement he was never served.

*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.