Filed 2/4/16  Hogan v. DeAngelis Construction CA1/2
Order modifying opinion filed January 13, 2016

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| RONALD HOGAN, et al.<br><br>    Plaintiffs and Appellants,<br><br>v.<br><br>DEANGELIS CONSTRUCTION, INC., et al.,<br><br>    Defendants and Respondents. | A143637<br><br>(Sonoma County<br>Super. Ct. No. SCV230846) |

BY THE COURT:

It is ordered that the opinion filed herein on January 13, 2016, be modified as follows:

On page 7, in the second full paragraph, the fourth sentence beginning with "Instead of working to fulfill . . ." should be deleted and should be replaced with the sentence "Since then, the parties have engaged in endless litigation."

This modification does not change the judgment.

Dated:_____                    _____
                                                                                 Richman, Acting P.J.

1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| RONALD HOGAN, et al.<br><br>    Plaintiffs and Appellants,<br><br>v.<br><br>DEANGELIS CONSTRUCTION, INC., et al.,<br><br>    Defendants and Respondents. | A143637<br><br>(Sonoma County<br>Super. Ct. No. SCV230846) |

Plaintiffs Ronald and Victoria Hogan appeal the trial court's order granting defendants' motion to vacate the Hogans' application to renew a judgment pursuant to Code of Civil Procedure section 683.170.[1] The trial court concluded that the purported judgment the Hogans sought to renew was merged into a later judgment, and that the Hogans sought interest, attorney fees, and costs that they were not entitled to recover. We will affirm. We will also deny defendants' request for sanctions against the Hogans for filing a frivolous appeal because the request does not comply with the California Rules of Court.

## FACTUAL AND PROCEDURAL BACKGROUND

This is our fourth opinion in this apparently interminable litigation, and it is filed on the same day as our third opinion in this case, *Hogan, et al. v. DeAngelis Construction, Inc., et al.* (A138118, Jan. 13, 2016) [nonpub. opn.] (*Hogan III*). We direct

---

[1] All further unspecified statutory references are to the Code of Civil Procedure.

readers to the "Factual and Procedural Background" section of *Hogan III* and incorporate that section of *Hogan III* into this opinion as if we have restated it in full here.[2]

*Additional Procedural History Pertinent to this Appeal*

On May 8, 2014, the Hogans—plaintiffs below and appellants on this appeal— filed an application for renewal of judgment, purporting to renew the May 2004 rescission order. The Hogans claimed the May 2004 rescission order was actually a judgment for $606,245 because that was the amount of consideration awarded to them in the December 2006 conditional judgment. The Hogans' application stated that the judgment included an additional $711,604.26 in interest, which the Hogans claimed had been accruing since September 2002 when they filed their complaint. The application also stated the Hogans were entitled to "[p]ayment of all costs and fees incurred as a result of the purchase and rescission of [the Gardenview property] per the deemed offer of rescission, accepted unconditionally by Developer Defendants. Total not yet known and to be determined at a later date."

The Developers—defendants below and respondents on this appeal—moved to vacate this "renewal of judgment." They argued that the purported May 2004 rescission

_____

[2] We are also using the following defined terms that are used in *Hogan III*: "Developers" means defendants DeAngelis Construction, Inc., Marvin DeAngelis, DeAngelis Pope Homes, and Gary Pope. "Gardenview property" means a home on Gardenview Place in Santa Rosa that the Hogans purchased from the Developers in May 2000. "May 2004 rescission order" refers to a May 17, 2004 trial court order affirming that the Hogans unilaterally rescinded the Gardenview purchase agreement. "December 2006 conditional judgment" refers to a pretrial "conditional judgment" filed on December 14, 2006, directing that (1) title of the Gardenview property was to be returned to the Developers; (2) the Hogans were to vacate the Gardenview property and restore possession to the Developers; and (3) "Defendants are to return consideration paid by [the Hogans] of $606,245.00[.]" "March 2007 judgment" refers to a judgment on the jury's special verdicts filed on March 22, 2007, following a trial on the Hogans' damages claim. "June 2007 amended judgment" refers to an amended judgment filed on June 6, 2007, providing that the Hogans shall recover judgment against the Developers in the amount of $394,246.41. "April 2010 modified amended judgment" refers to the trial court's April 20, 2010 order modifying the June 2007 amended judgment, which struck a portion of the damages award against the Developers in accordance with our remand instructions in *Hogan I*.

2

order no longer existed because it was merged into the April 2010 modified amended judgment in this matter. The Developers also argued that the amount of the judgment listed on the Hogans' application was incorrect because it included interest, attorney fees, and costs that the trial court and this court had determined the Hogans were not entitled to recover.

The trial court granted the Developers' motion to vacate. Its order stated, in pertinent part: "The Court finds that the December 14, 2006 order on which Plaintiffs rely was merged into the [June] 2007 amended judgment that subsequently was reviewed by the Court of Appeal [in *Hogan I*] resulting in the entry of the conditional modified amended judgment filed in April 2010. . . . The appellate court also ruled [in *Hogan II*] that no interest starts accruing until Plaintiffs perform and return the property, which to date still has not taken place, and Plaintiffs improperly seek fees and costs that the appellate court already ruled Plaintiffs may not recover. The motion to vacate is granted." The trial court also ordered expunged the renewal application that the Hogans filed with the Sonoma County recorder.

The Hogans timely appealed the trial court order granting the Developers' motion to vacate.[3]

## DISCUSSION

A.    *The Developers' Motion to Vacate the Hogans' Renewal Application*

The Hogans argue that the trial court erred in granting the Developers' motion to vacate their application to renew a judgment.

A money judgment is enforceable for 10 years from the date it is entered. (§ 683.020.) To obtain a renewal of the judgment, the judgment creditor must file an

---

[3] On September 8, 2015, the Hogans filed a "Supplemental Motion for Judicial Notice In Support of Reply to Brief of Respondents DeAngelis." On November 23, 2015, the Hogans filed a "Second Supplemental Motion for Judicial Notice in Support of Reply Brief of Respondent DeAngelis." Developers opposed both motions. The requests for judicial notice are denied because they were not matters before the trial court when it issued the order that is challenged on appeal. (*Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 444 fn. 3.)

application for renewal with the clerk of the court that entered the judgment before the expiration of the 10–year period of enforceability.  (§ 683.130, subd. (a).)  "Filing the renewal application (and paying the appropriate filing fee, Gov.C. § 70626(b)) results in *automatic* renewal of the judgment.  No court order or new judgment is required.  The court clerk simply enters the renewal of judgment in the court records."  (Ahart, Cal. Practice Guide: Enforcing Judgments and Debts (The Rutter Group 2015) ¶ 6:75.)  Section 683.170 allows a judgment debtor to move to vacate a renewed judgment "on any ground that would be a defense to an action on the judgment, including the ground that the amount of the renewed judgment as entered pursuant to this article is incorrect[.]"  (§ 683.170, subd. (a).)  "The judgment debtor bears the burden of proving, by a preponderance of the evidence, that he or she is entitled to relief under section 683.170."  (*Fidelity Creditor Service, Inc. v. Browne* (2001) 89 Cal.App.4th 195, 199.)  "On appeal, we examine the evidence in a light most favorable to the order under review and the trial court's ruling for an abuse of discretion."  (*Ibid.*)  To the extent our review involves statutory interpretation and pure questions of law, our review is de novo.  (*Id.* at p. 200.)

The Hogans raise a variety of arguments on appeal, none of which has any merit.[4] They argue that the trial court erred by not treating the May 2004 rescission order as a

_____

[4] The Hogans' opening brief is disorganized and difficult to understand.  It contains over 40 pages of "introduction" and "background" that is largely irrelevant and, in many instances, not supported by record citations.  The "argument" section contains a jumble of arguments, many of which are not relevant to this case and have no relationship to the heading under which they appear.  This has been a recurring issue for the Hogans.  In *Hogan II*, we said the following about the Hogans' opening brief:  "The first 13 pages of the Hogans' appellants' opening brief contains an argumentative 'Introduction,' which is unaccompanied by any reference to the extremely poorly-organized multi-volume Appellants' Appendix.  The factual summary that follows is incomplete, misleading and sometimes simply inaccurate.  Then, the Hogans proceed to a lengthy 'Discussion' of a variety of issues, some of which are not tied to any specific order that has been appealed and, in the process, neglect to expressly identify any alleged error in some of the orders they have appealed."  Although we have attempted to understand each of the Hogans' arguments in this appeal, we will only consider those arguments that appear "under a separate heading or subheading summarizing the point."  (Cal. Rules of Court, rule 8.204(a)(1)(B).)

4

judgment that existed independently of the April 2010 modified amended judgment. According to the Hogans, the May 2004 rescission order addressed the return of the Hogans' consideration (in the amount stated in the December 2006 conditional judgment), while the April 2010 modified amended judgment was for additional consequential damages. The Hogans' argument fails for the fundamental reason that the May 2004 rescission order is not, by definition, a "judgment." The Code of Civil Procedure defines a judgment as "the *final determination* of the rights of the parties in an action or proceeding." (§ 577, emphasis added.) As such, "[t]here is only one final judgment, the last or ultimate judgment that determines the rights of the parties." (7 Witkin, Cal. Procedure (5th ed., 2008) Judgment, § 7, p. 551.) The May 2004 rescission order was not the final determination of the parties' rights (and therefore, not a judgment) because the amount of money the Hogans were entitled to recover had yet to be determined. Since the May 2004 rescission order was not a judgment, the Hogans cannot renew it as such.

Even if the May 2004 rescission order could somehow be considered a separate judgment, the Hogans are incorrect in asserting that it related to the return of their consideration, while the April 2010 modified amended judgment addressed additional damages only. To the contrary, the April 2010 modified amended judgment included *both* return of consideration and consequential damages. The jury findings established that the Hogans were entitled to $252,000 for their down payment—i.e. restitution for the consideration they paid for purchase of the Gardenview property—plus additional money for consequential damages.[5] These findings became a part of the March 22, 2007

---

[5] In *Hogan I* and *Hogan II*, we said the jury's findings related to consequential damages. It perhaps would have been more precise to characterize the jury's findings (and, in turn, the April 2010 modified amended judgment) as involving both restitution and consequential damages, which are both recoverable in an action for rescission. (See Civ. Code, § 1692 [In action for rescission, "[t]he aggrieved party shall be awarded complete relief, including restitution of benefits, if any, conferred by him as a result of the transaction and any consequential damages to which he is entitled"].) Despite our characterization, it is clear that the jury's findings included both restitution and consequential damages.

judgment and were eventually incorporated into the April 2010 modified amended judgment. The trial court properly exercised its discretion by not treating the May 2004 rescission order separately from the April 2010 modified amended judgment. (§ 577; accord *Jacuzzi v. Jacuzzi Bros., Inc.* (1966) 243 Cal.App.2d 1, 35 [applying abuse of discretion standard to trial court's interpretation of its own order].)

The Hogans also argue the trial court erred in denying their motion to renew the judgment based on an erroneous determination that the renewal application listed over $700,000 in interest that they were not entitled to recover. Even if the May 2004 rescission order was a separate judgment, the Hogans would not be entitled to the interest they seek. The trial court previously ruled, and we affirmed, that interest does not start accruing on the Hogans' recovery until the Hogans return the Gardenview property to the Developers, which they had not done at the time they filed their renewal application.[6] Since the Hogans had not returned the Gardenview property, they are not entitled to interest on their recovery, let alone over $700,000 in interest that has purportedly accrued since 2002. On this ground alone, it was proper for the trial court to vacate the Hogans' renewal application since the amount of the renewed judgment is incorrect. (§ 683.170, subd. (a) ["The renewal of a judgment pursuant to this article may be vacated on any ground that would be a defense to an action on the judgment, *including the ground that*

---

[6] The Hogans also argue the trial court erred in granting the Developers' motion to vacate because its decision relied on our opinions in *Hogan I* and *Hogan II*. According to the Hogans, "the entire opinions of the Court of Appeal are not a substitute for direct evidence and should only be relied on for their holding[.]" Contrary to the Hogans' argument, the trial court properly relied on our past opinions only for their holdings—specifically, our holdings related to the interest, attorney fees, and costs that the Hogans were entitled to recover. These holdings are law of the case that the trial court was required to follow. (See 9 Witkin, Cal. Procedure (5th ed., 2008) Appeal, § 459, p. 515 ["The decision of an appellate court, stating a rule of law necessary to the decision of the case, conclusively establishes that rule and makes it determinative of the rights of the same parties in any subsequent retrial or appeal in the same case."].)

*the amount of the renewed judgment as entered pursuant to this article is incorrect*"].) (Emphasis added.)[7]

B.      *The Developers' Request for Sanctions*

The Developers request that we sanction the Hogans for bringing this appeal because the appeal is frivolous. The Developers request is denied because it was not made as a separate motion and did not include a declaration stating what sanction we should impose. (Cal. Rules of Court, rule 8.276(b)(1) ["A party's motion [for sanctions] . . . must include a declaration supporting the amount of any monetary sanction sought and must be served and filed before any order dismissing the appeal but no later than 10 days after the appellant's reply brief is due"].)

We do, however, have serious concerns that this litigation has not been concluded. More than six years ago in *Hogan I*, we unequivocally affirmed the trial court's order confirming that the Hogans rescinded their purchase of the Gardenview property. More than five years ago, the trial court issued the April 2010 modified amended judgment, which we understand to be the final judgment in this case. Instead of working to fulfill their respective obligations under the April 2010 modified amended judgment, the parties have engaged in endless litigation. If any party raises further appeals in this case, and we determine the appeals are frivolous, we will not hesitate to issue sanctions.

## DISPOSITION

The order appealed from is affirmed. The request for sanctions is denied. The parties shall bear their own costs on this appeal.

---

[7] Since the $711,604.26 in interest listed on the renewal application, by itself, made the amount of the renewed judgment incorrect, we need not determine whether the renewal application also listed attorney fees and costs that the Hogans were not entitled to recover.

                                   _____

                                   Miller, J.

We concur:

_____
Richman, Acting P.J.

_____
Stewart, J.

A143637, *Hogan, et al. v. DeAngelis Construction, Inc., et al.*

8