Filed 12/13/24  Simone v. Jameson CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| ELIJAH POMAIKA SIMONE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>LELA JAMESON, as Personal Representative, etc.,<br><br>Defendant and Appellant. | G062695<br><br>(Super. Ct. No. 30-2016-00832256)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Randell L. Wilkinson, Judge. (Retired judge of the Orange Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.) Affirmed. Request for judicial notice granted.

Horvitz & Levy, David M. Axelrad, John F. Querio, Gaspard Rappoport; Cullins & Grandy and Douglas D. Cullins, for Defendant and Appellant.

The Simon Law Group, Brad M. Simon; Williams Iagmin and Jon R. Williams, for Plaintiff and Respondent.

\*          \*          \*

Bruce Jameson hit Elijah Pomaika Simone with his car, severely injuring him. Simone's lawsuit against Jameson in the Orange County Superior Court (the Personal Injury Action) resulted in a judgment which included approximately $1.6 million in prejudgment interest.

After Jameson died, Simone obtained authority from the probate court in Arkansas to bring an action on behalf of Jameson's estate (the Estate) in the Los Angeles County Superior Court against Jameson's auto insurance provider (the Bad Faith Action). During that litigation, the parties entered a stipulation regarding the amount of the judgment in the Personal Injury Action, which failed to include the $1.6 million in prejudgment interest. The parties to that action dispute whether this omission was a mistake.

Simone subsequently applied for renewal of the judgment in the Personal Injury Action. The Estate contends the trial court abused its discretion by (1) denying its motion to vacate renewal of the judgment; and (2) improperly permitting accrual of interest on the prejudgment interest amount. We conclude these contentions lack merit and therefore affirm the trial court's order denying the motion to vacate renewal of the judgment.

STATEMENT OF FACTS

In April 2015, Jameson's car struck Simone while Simone was riding his bicycle, causing severe injury. Jameson was insured by State Farm

2

Mutual Auto Insurance Company (State Farm) with a single person liability limit of $25,000. In January 2016, Simone filed the Personal Injury Action in the Orange County Superior Court.

On March 28, 2017, Simone submitted a settlement offer, pursuant to Code of Civil Procedure section 998, which was rejected by Jameson.[1] When Jameson passed away during the pendency of the trial, the Estate was substituted as defendant. In August 2018, the jury returned a verdict in Simone's favor for $10,942,481.07.

The trial court entered a judgment in Simone's favor for $10,942,481.07 plus "costs and interest in [an] amount to be determined at future hearing/s." The memorandum of costs Simone filed included, in item 16, "other" costs in the amount of $1,600,899.96, pursuant to Civil Code section 3291, which provides for interest on the judgment in the amount of 10 percent per annum calculated from March 28, 2017, the date Simone's section 998 settlement offer was rejected.

The Estate did not challenge Simone's claim for prejudgment interest, and the trial court awarded Simone his costs, including prejudgment interest. In May 2019, State Farm paid the costs and stated policy limit to Simone, resulting in a remaining balance of $10,917,481.

After Jameson passed away, probate was opened in his home state of Arkansas, and his widow, Lela Jameson, was appointed as general administrator of the Estate. In February 2020, Simone was appointed by the Arkansas probate court as a special administrator for the Estate to pursue an

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

3

insurance bad faith action against State Farm after Lela Jameson refused to do so or assign those rights to Simone.

Prior to trial in the Bad Faith Action, the parties stipulated that the net verdict in Simone's favor in the Personal Injury Action was $10,942.481.07 and that the remaining balance after State Farm's payments to Simone was $10,917,481. This stipulation did not include the section 998 prejudgment interest in the amount of $1,600,899.96 which Simone was awarded in the Personal Injury Action.

In August 2022, the court held a bench trial and found in favor of the Estate in the amount of $10,917,481, which did not include the $1,600,899.96 in prejudgment interest. After the trial court judge retired, the issue of the correct prejudgment interest calculation to be included in the judgment was disputed by the parties and briefed before another judge. The judge declined to enter judgment not conforming to the minutes and instead adopted State Farm's proposed judgment which omitted the prejudgment interest. The validity of the stipulation in the Bad Faith Action, along with various other issues, is currently on appeal in the Second District Court of Appeal.

Simone later filed an application for renewal of judgment in the Personal Injury Action. This application included the section 998 pre-judgment interest. The Estate filed a motion to vacate the renewal of judgment, arguing, *inter alia*, Simone was not entitled to the section 998 prejudgment interest because the stipulation in the Bad Faith Action had omitted it. The trial court denied the Estate's motion to vacate renewal of the judgment.

4

# DISCUSSION

## I.

### RENEWAL OF THE JUDGMENT

A judgment creditor may renew a judgment upon filing a renewal application and paying the filing fee. (§ 683.150, subd. (a); Gov. Code, § 70626, subd. (b)(3); *Estate of Douglas* (2022) 83 Cal.App.5th 690, 694–695 [renewal is a purely ministerial act that does not create a new judgment or modify a current judgment but serves only to extend a judgment's enforceability].) A judgment debtor may file a noticed motion to vacate the renewed judgment within 60 days after notice of renewal (§ 683.170, subd. (b)) on "any ground that would be a defense to an action on the judgment, including the ground that the amount of renewed judgment as entered pursuant to this article is incorrect" (*id.*, subd. (b)).

## A. Standard of Review

The judgment debtor bears the burden of proving, by a preponderance of the evidence, that he or she is entitled to vacation of renewal of the judgment. (*Fidelity Creditor Service, Inc. v. Browne* (2001) 89 Cal.App.4th 195, 199 (*Fidelity*).)

An order denying a motion to vacate renewal of a judgment is appealable as an order after an appealable judgment. (§ 904.1, subd. (a)(2); *Jonathan Neil & Associates v. Jones* (2006) 138 Cal.App.4th 1481, 1487.) On appeal, we review the denial of the motion to vacate for abuse of discretion, taking the evidence in a light most favorable to the court's decision. (*Fidelity*, *supra*, 89 Cal.App.4th at p. 199.) We defer to the trial court's resolution of any factual conflicts in the evidence. (*Rubin v. Ross* (2021) 65 Cal.App.5th 153, 161.) Questions of law are reviewed de novo. (*Ibid.*)

5

*B. The Trial Court Did Not Abuse Its Discretion*

The Estate appeals the trial court's denial of its motion to vacate renewal of the judgment in the Personal Injury Action. The Estate argues Simone was not entitled to prejudgment interest in the amount of $1,600,899.96 when renewing the judgment because he stipulated to a judgment in the Bad Faith Action which precluded it. The Estate contends the trial court's denial of its motion to vacate the renewal of the judgment was therefore an abuse of discretion. We disagree.

Here, the trial court reasonably concluded the Estate failed to meet its burden by a preponderance of the evidence to demonstrate entitlement to vacation of the renewal of judgment. The trial court noted the judgment in the Personal Injury Action specifically awarded Simone prejudgment interest accruing from March 28, 2017, the date he served a statutory offer to compromise which the Estate had rejected. The trial court further noted the Estate "had an opportunity to challenge that interest but failed to do so" in its motion to tax costs. Therefore, there was no valid basis to challenge the renewal of judgment, and the trial court correctly found Simone "properly included the interest in the application for renewal of judgment." Based on this record, we cannot say the trial court abused its discretion.

Moreover, the scope and effect of a pretrial stipulation entered into between different parties in a separate action, based on a different theory of liability, and pending in another appellate district is, to say the least, not properly before us. We decline to address issues whose resolution are unnecessary to deciding this appeal. (*Shaw v. County of Santa Cruz* (2008) 170 Cal.App.4th 229, 259 ["we do not see these matters as necessary to our appellate decision and we accordingly decline to resolve them"].)

6

Therefore, we affirm the trial court's denial of the Estate's motion to vacate renewal of the judgment.

## II.

### INTEREST ON THE PREJUDGMENT INTEREST

The Estate also argues the trial court erred in permitting the accrual of compound interest on the prejudgment interest portion of the renewed judgment, in violation of Civil Code section 3291. Not so. A review of the trial court's order demonstrates its ruling is correct.

As our Supreme Court has concluded, "Prejudgment interest accrued under Civil Code section 3291 is not part of the judgment, and a plaintiff may not obtain interest on this prejudgment interest." (*Hess v. Ford Motor Co.* (2002) 27 Cal.4th 516, 533.) Thus, prejudgment interest is not added to the final judgment amount in order to avoid postjudgment interest accruing on Civil Code section 3291 prejudgment interest. Accordingly, the statute does not permit any compounding of interest, that is, interest on interest.

Simone argues he never sought interest on the prejudgment interest and the trial court's order granting renewal of the judgment never awarded such compound interest. Simone contends the court's order correctly applied section 998 and Civil Code section 3291 to confirm that the accrual date for simple interest, at the rate of 10 percent per annum, was March 28, 2017. Moreover, the amount of the underlying judgment in the Personal Injury Action was the same both before and after Simone's motion to renew. We agree with Simone that the trial court did not erroneously approve compound interest on the prejudgment interest amount.

Furthermore, the Estate did not properly preserve this issue for appeal. In its motion to tax costs in the Personal Injury Action, the Estate

7

failed to contest either the award of prejudgment interest to Simone, or that such interest began to accrue on March 28, 2017, when his section 998 offer was rejected. In fact, the Estate abandoned an appeal of the judgment and never subsequently challenged any aspect of the award of interest. An appellate court will generally not reverse a judgment where the issue was not raised in the first instance at trial. (*JRS Products, Inc. v. Matsushita Electric Corp. of America* (2004) 115 Cal.App.4th 168, 178.) We therefore reject this claim of error.

DISPOSITION

We affirm the trial court's postjudgment order denying the Estate's motion to vacate renewal of the judgment.

On November 21, 2023, Lela Jameson filed a motion for judicial notice of records filed in the Bad Faith Action in the Los Angeles County Superior Court Case no. 20STCV14579. A court may take judicial notice of "[r]ecords of . . . any court of this state." (Evid. Code, § 452, subd. (d).) Accordingly, the motion for judicial notice is granted.

SANCHEZ, J.

WE CONCUR:

GOETHALS, ACTING P. J.

DELANEY, J.

8