Filed 10/22/25  Moran v. Meyer CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| GENE MORAN, | |
| Plaintiff and Appellant, | G064927 |
| v. | (Super. Ct. No. 30-2022-01269208) |
| MICHAEL B. MEYER, | O P I N I O N |
| Defendant and Respondent. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Sandy Nunes Leal, Judge. Affirmed. Request for judicial notice denied.

Okorocha Law Firm and Okorie Okorocha for Plaintiff and Appellant.

Ruochen Liu for Defendant and Respondent.

\*        \*        \*

In July 2022, Gene Moran filed a complaint against Michael B. Meyer. The trial court took Meyer's default and entered a default judgment against him in January 2023. In July 2024, Meyer sought to have the court set aside the default and the default judgment because Moran never served him with the summons and complaint. The trial court granted the motion, finding the default judgment was void for lack of service.

Moran appeals from this ruling and claims he served Meyer in Nevada via substituted service. As proof, he points to a certified mail return receipt which he contends Meyer signed. Moran failed to provide copies of the summons and complaint which formed the basis for the default judgment, and which were purportedly served on Meyer. The appellate record is therefore inadequate, and we would affirm the trial court's ruling on this basis alone.

Considering the record we do have, substantial evidence supports the trial court's finding Meyer was not served with a copy of the summons and complaint. Meyer attested he was not living at the alleged service address at the time Moran mailed the summons and complaint, and there is no evidence in the record to support Moran's position that Meyer signed for receipt of the summons and complaint.

We therefore affirm the trial court's order setting aside Meyer's default and the default judgment.

FACTUAL AND PROCEDURAL HISTORY

The appellate record does not include the complaint, and thus we cannot discuss its allegations. The record also does not contain Moran's request for entry of default or the request for entry of default judgment

2

against Meyer. All we can discern from the record before us is, at some point after Moran filed the complaint, the court took Meyer's default and entered a default judgment against him on January 3, 2023.

Although it is unclear from the record, it appears Moran filed an action on the default judgment in Nevada in 2023. In July and August of 2023, Meyer responded to discovery served by Moran pertaining to the Nevada litigation.

In July 2024, Meyer filed a motion pursuant to Code of Civil Procedure[1] section 473.5 to set aside and vacate his default and the default judgment in the instant case. Meyer stated in his declaration in support of the motion that he did not receive service of the summons, complaint, or notice of entry of the default judgment. Meyer attested he was not residing at the location where Moran claimed to have served the summons and complaint in September 2022. Meyer included, as his proposed responsive pleading, a motion to quash service of summons. He also filed a request for judicial notice with seven exhibits, but those exhibits are not part of the appellate record.

Moran opposed the motion and claimed he served Meyer at an address in Nevada. Moran produced a quitclaim deed showing Meyer deeded the same Nevada property to a trust of which Meyer was a trustee. Moran was not able to effect personal service at the Nevada address. Moran asserted

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise stated. Section 473.5 permits a defaulted party to move to set aside its default and default judgment if service of the summons, although legally effected, did not result in actual notice to the party. (§ 473.5, subd. (a).) "The party shall serve and file with the notice a . . . pleading proposed to be filed in the action." (*Id.*, subd. (b).)

he served Meyer at that address via substituted service. According to the "Proof of Service by First-Class Mail-Civil," on August 24, 2022, a process server mailed a copy of a summons and complaint to Meyer at the Nevada address via certified mail with return receipt. Moran did not include a copy of the mailed summons and complaint in the appellate record. Moran attached to his opposition to the motion to set aside an uncertified document purporting to respond to his request for proof of delivery. This document indicates an "item" was "Delivered, Left with Individual" at the Nevada address on September 26, 2022, but the document does not identify what this "item" was, nor does it identify who signed for its receipt. There was a signature in the "Signature of Recipient" box, but it was not legible.

In November 2024, the trial court granted Meyer's motion to set aside. The court noted section 473.5 was the wrong vehicle for Meyer to use to vacate his default and default judgment. Section 473.5, the trial court ruled, was for situations where service is legally effected, but the service did not result in actual notice to the served party. The court concluded Meyer's declaration established he was not residing at the Nevada address on September 26, 2022—the date on which Moran claimed he served Meyer via substituted service. Because Moran never legally served Meyer in the first place, the default judgment was void. Therefore, pursuant to section 473, subdivision (d), which permits a court to vacate a void judgment, the trial court vacated Meyer's default and the default judgment.[2]

---

[2] "The court may . . . on motion of either party after notice to the other party, set aside any void judgment or order." (§ 473, subd. (d).)

4

## DISCUSSION

Moran premises his appeal on his belief he lawfully served Meyer with a copy of the summons and complaint via substituted service in Nevada. Alternatively, he contends Meyer's motion to vacate the default and default judgment was both untimely and defective because Meyer did not attach a copy of a proposed responsive pleading to the motion. As we explain, none of these fronts has merit.

## I.

### WE DENY MORAN'S REQUEST FOR JUDICIAL NOTICE

In conjunction with his appeal, Moran filed a motion for judicial notice. Moran requested we take judicial notice of an uncertified "Docket in Judgment Enforcement Action in Douglas County, Nevada, Case no. 2023-CV-00073" and a "Certified Mail Return Receipt and Proof of Service of Judgment dated October 23, 2023 for Respondent, and October 26, 2023 for his attorney Justin Clouser." We deny the request.

The California Rules of Court require Moran to explain in his motion: (1) the relevancy of the documents; (2) whether the trial court took judicial notice of the documents, and if not, why the documents are subject to judicial notice under Evidence Code section 451, 452, or 453; and (3) whether the documents pertain to events which occurred after the order or judgment from which the appeal is taken. (Cal. Rules of Court, rule 8.252(a)(2).)

Here, Moran's motion did not indicate whether he presented the request to the trial court or whether the events which were the subject of the documents in the request occurred after the order or judgment from which he appealed. Either of these shortcomings is fatal to his motion. (*LG Chem, Ltd. v. Superior Court* (2022) 80 Cal.App.5th 348, 362, fn. 7.)

5

From the record, we can independently determine that Moran did not make his request to the trial court in the first place. Because the documents relate to events which took place before the trial court vacated Meyer's default and the default judgment, Moran could have made the request to the trial court. Absent exceptional circumstances, we will "not take judicial notice of evidence not presented to the trial court." (*Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 444, fn. 3.) There are no such exceptional circumstances here.

II.

MORAN DID NOT PROVIDE AN ADEQUATE APPELLATE RECORD

"[I]t is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609.) "''A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed.'" [Citation.] 'Consequently, [the appellant] has the burden of providing an adequate record. [Citation.] Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant].' [Citation.]" (*Id.* at p. 609.)

Here, Moran designated as part of the record "Meyer's Motion to Set Aside Default Judgment," "Moran's Opposition to Motion to Set Aside Default," the "Court's Tentative Ruling," and the "Courts Final Order Reversing Tentative." Moran did not designate Meyer's request for judicial notice and the related documents, which Meyer filed with his motion to vacate his default and the default judgment. Nor did Moran designate the

6

court's ruling on the request for judicial notice, if any, the complaint, copies of the summons and complaint Moran allegedly served on Meyer, Moran's request for entry of Meyer's default, or Moran's request for entry of court default judgment.

The central issue in this appeal is the validity of Meyer's default and the default judgment. We cannot know if the trial court correctly entered them in the first place without having those documents before us. Moreover, Moran is appealing from the court's order granting Meyer's motion to set aside his default and the default judgment. We review trial court rulings on such motions for abuse of discretion—a highly deferential standard of review. (*Luxury Asset Lending, LLC v. Philadelphia Television Network, Inc.* (2020) 56 Cal.App.5th 894, 907–908.) We cannot conduct such an assessment without possessing the documents which the court had at its disposal when it exercised that discretion.

Moreover, not only are the summons and complaint relevant to this appeal, the documents are vital to its resolution. The trial court ruled the default judgment was void because Moran did not serve Meyer with the summons and complaint. Even if the basis of that conclusion was wrong, i.e., Moran did serve Meyer, that does not mean the default judgment was not void for some other reason. For example, a complaint which contains no factual allegations against the defaulted party is void for failing to apprise the party of the nature of the plaintiff's demands. (*Falahati v. Kondo* (2005) 127 Cal.App.4th 823, 829.) And a default judgment entered in an amount greater than stated in the complaint is void for a lack of notice. (*Id.* at p. 830.) We will affirm a trial court's ruling if it is correct on any legal theory, even one the court did not rely on. (*Hoover v. American Income Life Ins. Co.* (2012) 206 Cal.App.4th 1193, 1201.) If the default judgment were void for a reason

7

other than lack of service, we would affirm. But because Moran did not include the complaint in the record, we cannot determine whether the court's ruling was otherwise correct.

Notwithstanding the inadequacy of the record, we will proceed to evaluate the merits of Moran's claims, to the extent we can.

III.

MORAN HAS NOT DEMONSTRATED THE TRIAL COURT ERRED IN FINDING HE DID NOT SERVE MEYER WITH A COPY OF THE SUMMONS AND COMPLAINT

A.    *Moran Forfeits His Claim of Error*

Moran argues there is substantial evidence in the record proving Meyer had actual notice of the lawsuit before the court took his default and entered the default judgment. On appeal from a trial court's factual finding, we do not ask if there was substantial evidence to support the appealing party's version of events. (*Schmidt v. Superior Court* (2020) 44 Cal.App.5th 570, 582 (*Schmidt*).) We instead ask if there was substantial evidence to support the trial court's ruling. "Failure to acknowledge the proper scope of review is a concession of a lack of merit." (*Sonic Manufacturing Technologies, Inc. v. AAE Systems, Inc.* (2011) 196 Cal.App.4th 456, 465.) Because Moran did not appropriately identify the standard of review, or tailor his arguments to it, his contention fails.

B.    *Substantial Evidence Supports the Trial Court's Ruling*

Even proceeding to review the contention from the correct standard of review, it is without merit. In conducting a substantial evidence review, "we accept all evidence supporting the trial court's order[,] completely disregard contrary evidence[, and] all draw reasonable inferences to affirm the trial court." (*Schmidt, supra*, 44 Cal.App.5th at p. 581.) "If substantial evidence supports factual findings, those findings must not be disturbed on

8

appeal. [Citation.] Inferences favorable to appellants may create conflicts in the evidence, but that is of no consequence. [Citation.] When a civil appeal challenges findings of fact, the appellate court's power begins and ends with a determination of whether there is any substantial evidence—contradicted or uncontradicted—to support the trial court findings. [Citation.]" (*Id.* at p. 582.)

Here, Moran contends he properly served Meyer, a nonresident defendant, pursuant to section 415.40, because either Meyer or his authorized agent signed for the delivery of the summons and complaint. Section 415.40 permits a plaintiff to serve a nonresident defendant "by sending a copy of the summons and of the complaint to the person to be served by first-class mail, postage prepaid, requiring a return receipt." (§ 415.40.) Either the nonresident defendant or their authorized agent can sign the return receipt. (*Cruz v. Fagor America, Inc.* (2007) 146 Cal.App.4th 488, 498.) However, service is only valid if Moran presented "evidence satisfactory to the court establishing actual delivery to the person to be served, by a signed return receipt or other evidence." (§ 417.20, subd. (a).)

As proof of satisfactory service, Moran relied on a document which showed an "item" was "Delivered, Left with Individual" on September 26, 2022, at Meyer's alleged address in Nevada and that an individual signed for the "item." But there was no evidence that Meyer, or his authorized agent, signed for the item. The signature was not legible, and Meyer attested he was not living at that address at the time. In any event, from the record before us, we cannot confirm whether the "item" referenced was the summons and complaint.

Moran argues the law prohibits us from relying on Meyer's "[s]elf-serving declarations" which, according to Moran, are "not admissible because the person has a motive to lie." Moran points to three nonbinding cases to

9

support his position: *Aetna Casualty & Surety Co. v. Kuhl* (Md. 1983) 463 A.2d 822, 829, which held that under Maryland law self-serving declarations do not qualify as a declaration against interest for purposes of its hearsay rule; *Sneed v. State* (Tex.Ct.App. 1997) 955 S.W.2d 451, 453–454, which similarly held self-serving statements in medical records do not qualify as an exception to the hearsay rule under the Texas rules of evidence; and *Copelands' Enterprises, Inc. v. CNV, Inc.* (Fed.Cir. 1991) 945 F.2d 1563, 1567, applying federal law in a trademark case, which held "self-serving declarations are insufficient in the context of summary judgment to overcome other evidence of deceptive use of [a] registration symbol." These cases do not support Moran's position.

## C. *Meyer Did Not Waive His Claim That He Did Not Have Actual Notice of the Lawsuit*

Moran argues Meyer waived his right to claim he had no actual notice of this lawsuit because Meyer served discovery responses in the parties' Nevada litigation well before Meyer sought to have his default vacated. But Moran does not explain how Meyer's participation in a separate Nevada lawsuit between the parties equates to Meyer waiving his right to have his default and default judgment set aside in this matter.

From what we can discern from the scant evidence in the record, Moran filed an action on the default judgment in Nevada. But that is a separate action from the instant case. (*Fidelity Creditor Service, Inc. v. Browne* (2001) 89 Cal.App.4th 195, 200 ["judgment creditor may file a separate action on the judgment"].) We are aware of no authority, nor has Moran provided any, that Meyer's participation in that separate action means Meyer waived his right to claim Moran did not serve him with the summons and complaint in this case. If anything, the authority is to the

10

contrary. (*Id.* at p. 202 ["the failure to have served the summons and complaint is a defense to an action on a judgment"].)

D.  *Moran Improperly Stated It Was Undisputed Meyer Had Actual Notice of the Lawsuit*

In his opening brief, Moran claimed "[i]t is undisputed that [Meyer] or his authorized agent signed the restricted delivery, certified mail return as 'Michael Meyer' on September 26, 2022." This is false. Meyer attested Moran never served him with the summons and complaint and that he was not living at the Nevada address at the time Moran claimed to have served him via certified mail return. We caution Moran against misrepresenting the record. (*Kleveland v. Siegel & Wolensky, LLP* (2013) 215 Cal.App.4th 534, 557–558 [sanctions appropriate for misrepresenting the record].)

E.  *The Law Does Not Entitle Moran to a Rebuttable Presumption He Served Meyer with the Summons and Complaint*

Finally, Moran contends his filing of a proof of substituted service created a rebuttable presumption that he properly served Meyer. It is true "the filing of a proof of service creates a rebuttable presumption that the service was proper." (*Dill v. Berquist Construction Co.* (1994) 24 Cal.App.4th 1426, 1441.) But that presumption arises only if the proof of service "'include[s] evidence satisfactory to the court establishing actual delivery to the person to be served . . . .'" (*Id.* at p. 1442.) The trial court was not satisfied with Moran's proof, and we take no issue with that conclusion.

IV.

MEYER'S MOTION WAS NOT UNTIMELY OR OTHERWISE DEFECTIVE

Moran argues Meyer's motion was untimely because Meyer waited 252 days after Moran served Meyer with the default judgment to file

11

his motion. Section 473.5 allows Meyer 180 days after Moran served him with the default judgment to file a motion to set aside his default and default judgment. (§ 473.5, subd. (a).) Here, the appellate record does not support the conclusion Moran ever served Meyer with the default judgment.

Moran's evidence to the contrary is contained in his request for judicial notice, which we have denied, and his general citation to 24 pages in the record. Putting aside the inadequacy of such a citation (*Duarte v. Chino Community Hospital* (1999) 72 Cal.App.4th 849, 856 ["'[i]t is the duty of a party to support the arguments in its briefs by appropriate reference to the record, which includes providing exact page citations'"]), those pages actually include Meyer's declaration attesting Moran never served him with the default judgment. If anything, Moran's citation defeats his position. Either way, the trial court vacated Meyer's default and default judgment on the basis they were void for lack of service—which the court can do at any time. (§ 473, subd. (d); *California Capital Insurance Company v. Hoehn* (2024) 17 Cal.5th 207, 225.)

Moran also argues Meyer's motion to set aside was defective because Meyer did not include a copy of a proposed responsive pleading with his notice of motion. However, Moran did not raise this issue below, and we decline to consider it for the first time on appeal. (*Hewlett-Packard Co. v. Oracle Corp.* (2021) 65 Cal.App.5th 506, 548 ["'"theories not raised in the trial court cannot be asserted for the first time on appeal"'"].) Even if we did consider the claim, it is without basis. A proposed responsive pleading in the form of a motion to quash service of summons was attached to Meyer's motion.

## DISPOSITION

The postjudgment order vacating Meyer's default and default judgment is affirmed. Respondent to recover costs on appeal.


BANCROFT, J.*

WE CONCUR:


MOTOIKE, ACTING P. J.


SCOTT, J.

*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.